*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellant,

v

JAMES EDWARD SMITH,

      Defendant-Appellee.

UNPUBLISHED
January 16, 2020

No. 349283
Jackson Circuit Court
LC No. 18-002402-FC

Before: CAMERON, P.J., and SHAPIRO and SWARTZLE, JJ.

CAMERON, P.J. (*concurring*).

I join the majority opinion, but I write separately to provide further guidance to the trial court concerning the issue of whether defendant validly waived his Fifth Amendment right to remain silent.

A statement obtained from a defendant during a custodial interrogation is admissible only if the defendant "voluntarily, knowingly and intelligently" waived his Fifth Amendment rights. *Miranda v Arizona,* 384 US 436, 475; 86 S Ct 1602; 16 L Ed 2d 694 (1966). "Only if the 'totality of the circumstances surrounding the interrogation' reveal both an uncoerced choice and the requisite level of comprehension may a court properly conclude that the *Miranda* rights have been waived." *Moran v Burbine*, 475 US 412, 421; 106 S Ct 1135; 89 L Ed 2d 410 (1986), citing *Fare v Michael C*, 442 US 707, 725; 99 S Ct 2560; 61 L Ed 2d 197 (1979). The dispositive inquiry is "whether the warnings reasonably 'conve[y] to [a suspect] his rights as required by *Miranda*.' " *Duckworth v Eagan*, 492 US 195, 203; 109 S Ct 2875; 106 L Ed 2d 166 (1989), citing *California v Prysock*, 453 US 355, 361; 101 S Ct 2806; 69 L Ed 2d 696 (1981).

In this case, the trial court emphasized that Detective Thomas Freeman failed to read aloud the contents of the waiver section on the advice-of-rights-form. However, *Miranda* does not require that the police read a statement of waiver before custodial interrogation. Rather, *Miranda* requires that the suspect "be warned prior to any questioning that he has the right to remain silent, that anything he says can be used against him in a court of law, that he has the right to the presence of an attorney, and that if he cannot afford an attorney one will be appointed for him prior to any questioning if he so desires." *Miranda*, 384 US at 479. Accordingly,

Detective Freeman's failure to read the waiver provision to defendant did not necessarily constitute a violation of *Miranda*.

Furthermore, I disagree with the trial court that the *Miranda* waiver in this case was, as a matter of law, constitutionally deficient because (1) Detective Freeman did not read the waiver to defendant and (2) defendant seems to have not read the waiver that he voluntarily signed. To be sure, these are important factors for the trial court to consider. But in my judgment, they begin, not end the analysis. It is well established that the waiver of one's Fifth Amendment rights must be knowingly and voluntarily given. But *Miranda* does not require an explicit statement by a defendant waiving his rights. *People v Matthews*, 22 Mich App 619, 626, 630-631; 178 NW2d 94 (1970). Rather, an "implicit waiver . . . is sufficient to admit a suspect's statement into evidence." *Berghuis v Thompkins*, 560 US 370, 382, 384; 130 S Ct 2250; 176 L Ed 2d 1098 (2010). As noted in *North Carolina v Butler*, 441 US 369, 373; 99 S Ct 1755; 60 L Ed 2d 286 (1979),

> An express written or oral statement of waiver of the right to remain silent or of the right to counsel is usually strong proof of the validity of that waiver, but is not inevitably either necessary or sufficient to establish waiver. The question is not one of form, but rather whether the defendant in fact knowingly and voluntarily waived the rights delineated in the *Miranda* case. . . . The courts must presume that a defendant did not waive his rights; the prosecution's burden is great; but in at least some cases waiver can be clearly inferred from the actions and words of the person interrogated.

Accordingly, if "the prosecution shows that a *Miranda* warning was given and that it was understood by the accused, an accused's uncoerced statement establishes an implied waiver of the right to remain silent." *Berghuis*, 560 US at 384. The Supreme Court further clarified its position by stating that "the law can presume that an individual who, with a full understanding of his or her rights, acts in a manner inconsistent with their exercise has made a deliberate choice to relinquish the protection those rights afford." *Id.* at 385. Thus, in the event that the trial court must determine on remand whether defendant knowingly and intelligently waived his rights, the trial court's determination should not be based solely on whether defendant read the advice-of-rights-form before he signed it. Rather, the trial court must consider the totality of the circumstances, including the fact that defendant signed the acknowledgment form after he was read his *Miranda* warnings. See *People v Snider*, 239 Mich App 393, 417; 608 NW2d 502 (2000).

/s/ Thomas C. Cameron